**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| THOMAS CHRISTOPHER BURT, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) 2:10-cv-324-JMS-WGH |
| | ) |
| HELEN J. MARBERRY, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

Having considered the petition of Thomas Burt for a writ of habeas corpus, the respondent's return, and Burt's replies, together with the expanded record, the court finds that Burt's petition for a writ of habeas corpus must be **denied**. This conclusion rests on the following facts and circumstances:

1. Burt is confined in this District serving a sentenced imposed by the United States District Court for the Northern District of West Virginia following his conviction for drug offenses. His convictions were entered pursuant to a plea agreement between Burt and the United States. That plea agreement provided, in part and subject to exceptions not pertinent here, that Burt waived what would otherwise be his right to file an appeal of or collateral attack to his sentence if his sentence was 151 months or less. The trial court ultimately sentenced Burt to 135 months imprisonment on November 29, 2005.

2. Burt did not file a direct appeal. He did, however, file a motion and an amended motion pursuant to 18 U.S.C. § 3582(c) in October 2010. In his amended motion to reduce sentence, Burt contended that his walk away from a halfway house in Ohio was a non-violent offense and that he was "improperly sentenced" and "should not have been classif[ied] as [a] career offender," and should not "have received the enhancement." The amended motion remains pending.

3. With the amended § 3582(c) motion pending, Burt filed the present action for habeas corpus relief, asserting the same claim as in that amended motion. More specifically, Burt contends that he was improperly sentenced as a career offender because his conviction for escape from a half-way house is not a violent felony as defined in USSG § 4B1.2. This contention rests on Burt's view that *Begay v. United States*, 553 U.S. 137 (2008), establishes his innocence of that enhancement.

4. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not ... be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

5. There are various reasons why Burt cannot prevail here.

a. The first is the waiver provision in the plea agreement. This is enforceable and is applicable to Burt's challenge. Burt dismisses this as a "technical point," but the court is not persuaded through this characterization. His challenge cannot be maintained.

b. Even if the waiver provision could be overcome, Burt's reliance on *Begay* is misplaced. Every circuit that has considered the question, including the Seventh Circuit, has concluded that the savings clause embodied in § 2255(e) requires a claim of actual innocence directed to the underlying conviction, not merely the sentence. *See, e.g., Unthank v. Jett,* 549 F.3d 534, 536 (7th Cir. 2008) ("[The petitioner] does [not] claim to be innocent of the current crime. He says only that his sentence is too high, and as we [previously] explained[,] . . . this differs from a claim that he is innocent of the crime of which he was convicted."); *Stephens v. Herrera,* 464 F.3d 895, 898–99 (9th Cir. 2006) (holding that the petitioner did not qualify for the savings clause because he did not claim to be actually innocent, even though he satisfied the second § 2255(e) requirement because his claim was based on an intervening change in law that did not become available until twelve years after his conviction); *Padilla v. United States,* 416 F.3d 424, 427 (5th Cir. 2005)("[B]ecause [the petitioner] does not attack his conviction and his claim challenges only the validity of his sentence, [the petitioner's] § 2241 petition does not fall within the savings clause of § 2255 . . . ."); *Poindexter v. Nash,* 333 F.3d 372, 382 (2nd Cir. 2003)("[W]hatever the merit of the contention that the Guidelines were misapplied in the treatment of [the petitioner's] three undisputed prior convictions, his claim that the three crimes should have been treated as one crime is not cognizable as a claim of actual innocence."); *Okereke v. United States,* 307 F.3d 117, 120–21 (3rd Cir. 2002) (the petitioner did not qualify for the savings clause because his claim related only to his sentence and not his underlying conviction); *United States v. Peterman,* 249 F.3d 458, 462 (6th Cir. 2001) ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because . . . [they] do not argue innocence but instead challenge their sentences."). Burt challenges only his sentence, not his underlying offenses.

6. The savings clause of § 28 U.S.C. § 2255(e) is not available to Burt. His petition for a writ of habeas corpus is **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/02/2011

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana